UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

MIAMI-CIVIL DIVISION
CASE NO.

RAMON MARTINEZ,

      Plaintiff,

vs.

ZAKHEIM & ASSOCIATES, P.A., SASHA HARO,

      Defendants.

_____/

## **COMPLAINT**
*{Jury Trial Demanded}*

    Plaintiff, RAMON MARTINEZ, through undersigned counsel, sues the Defendants, ZAKHEIM & ASSOCIATES, P.A., and SASHA HARO, and as grounds thereof states:

1.    This is an action arising from violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, as amended, and Florida's Consumer Collection Practices Act ("FCCPA) and seeks to secure recovery of damages (actual and statutory), declaratory/injunctive and other equitable relief against the Defendants for engaging, *inter alia*, in misleading, unconscionable, unlawful, unfair or deceptive acts or practices.

## JURISDICTION, VENUE & PARTIES

2.     This Honorable Court has subject matter jurisdiction over the action pursuant to 15 U.S.C.

§§ 1692k, 28 U.S.C. §§ 1331, and 1337(a).

3.     Venue is proper in the United States District Court for the Southern District of Florida

under 28 U.S.C. § § 1391(b) and (c).

4.     Defendant  ZAKHEIM & ASSOCIATES, P.A. ("Law Firm") is a for profit company

consisting of lawyers including, Defendant SASHA HARO; Defendants  maintain their

principle place of business in South Florida, and transact or have transacted business

in this District, and the principal purpose of which is the collection of any debts or is

an entity/person who regularly collects or attempts to collect debts owed or due

another.

5.     The Defendants are  "debt collector(s)" as defined in the above-cited statutes.

6.     Plaintiff, sui juris, is a Florida resident and a "consumer"/"debtor" as defined in the

above-cited applicable laws.

7.     The plaintiff has been the object of collection activity arising from consumer debt.

8.     The Defendants have engaged in an act or omission prohibited by the FDCPA and

FCCPA as more fully detailed below.

## PARTICULARS

9.     Apparently on or about November 20, 2009, the Defendant(s) filed a civil suit on

behalf of Citibank against Mr. Martinez in the County Court of the Eleventh Judicial

Circuit, in and for Miami-Dade County Florida. (See Exhibit "A")

10.     The total amount claimed to be due (principal and finance charges) and sought in the

suit was $1,159.64; this amount was based upon an account ledger attached to the complaint reflecting a due date of August 11, 2009.

11.   No other specific relief was sought, specified or claimed in the lawsuit.

12.   On or about December 8, 2009, Mr. Martinez was served with a Summons/Notice to Appear for Pretrial Conference. (See Exhibit "B"). A pretrial conference was set for December 28, 2009 at 1:30 P.M.

13.   To represent him in the matter, Mr. Martinez shortly thereafter hired counsel.

14.   Given a scheduling conflict, Mr. Martinez's counsel contacted the Defendants, advised of being retained to represent Mr. Martinez, and sought an agreement to have the pretrial conference date rescheduled.

15.   As part of and pursuant to the agreement of the parties' respective counsel, an agreed order continuing the pretrial conference was submitted to the court.

16.   The order was executed by the court and noted that the pretrial conference would be reset sometimes after January 1, 2010 "by counsel." (See Exhibit "C").

17.   Mr. Martinez, however, thereafter received in the mail a debt collection letter directly from the Defendant-Law Firm dated "February 3, 2010" claiming a "70% SETTLEMENT OFFER" and further claiming that the "Current Balance" to be "$1,369.64" which after the "70%" settlement offer, would result in Mr. Martinez paying "$958.75." (See Exhibit "D")

18.   The debt collection letter also stated that to purportedly take advantage of the settlement opportunity, Mr. Martinez had to make payment by "March 19, 2010" and if he had any questions to contact the Defendant.

3

19.   Mr. Martinez assuming that the settlement letter was submitted by the Defendants pursuant to an authorization from his counsel, contacted the Defendant-Law Firm regarding same.

20.   Despite the Defendant's representative noting that Mr. Martinez was being represented by counsel, the Defendants did not cease discussion or communications with  Mr. Martinez, and proceeded to induce/cause Mr. Martinez to tender payment and submitted even further correspondence directly to him despite knowing that he was represented by an attorney.

21.   On April 9, 2010, as a result of the payment by Mr. Martinez, the Defendant filed a Notice of Voluntary Dismissal with Prejudice.  (See Exhibit "E")

22.   To prevent Mr. Martinez's counsel from finding out about the *ex parte* and unlawful communications with and payment by Mr. Martinez, a copy of the Notice (a formal document) was sent only to Mr. Martinez (i.e., as part of the unfair, deceptive, dishonest, unconscionable and/or fraudulent undertaking, the Defendants conveniently did not forward a copy of same to counsel for Mr. Martinez.)

23.   It was only through subsequent passing conversations with Mr. Martinez and his attorney's office that his counsel learned to his dismay of the *ex parte* direct communications, "settlement", and payment by Mr. Martinez.

24.   Defendants' conduct and acts were willful, knowing, intentional, in reckless disregard of the law and Plaintiff's rights and outrageous (not to mention unethical).

25.   As a direct and proximate result of Defendants' unlawful and unethical  conduct and acts or omissions in violation of FDCPA and FCCPA, the Plaintiff in entitled to actual

as-well-as statutory damages against each Defendant.

26.     The Plaintiff has retained the undersigned counsel and is entitled to recovery of his

reasonable attorney's fees in prosecution of this action.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27.     Plaintiff incorporates by reference Paragraphs 1-26.

28.     The FDCPA was enacted to "eliminate" a number of activities and conduct on the

part of debt collectors such as " abusive debt collection practices by debt collectors

... and ... to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

To that end, the FDCPA prohibits a debt collector from "engag[ing] in any conduct

the natural consequence of which is to harass, oppress, or abuse any person in

connection with the collection of a debt." 15 U.S.C. § 1692d. The Act, *inter alia,* also

states that a debt collector "may not use any false, deceptive, or misleading

representation or means in connection with the collection of any debt," 15 U.S.C. §

1692e,  "may not use unfair or unconscionable means to collect or attempt to collect

any debt," 15 U.S.C. § 1692f, and may not communicate (whether in writing or by

telephone) with a debtor/consumer on a debt when the debt collector knows that the

individual is represented by an attorney, 15 U.S.C.  § 1692c(a)(2).

29.     The Plaintiff has been the object of collection activity arising from consumer debt.

30.     The Defendants are debt collectors as defined by FDCPA.

31.     The Defendants engaged in various acts or omissions prohibited by the FDCPA.,

including one or more of, but not limited to, the following:

5

(a)     engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d;

(b)     using  false, deceptive, or misleading representation or means in connection with the collection of a debt in violation of Section 1692e.

(c)     making false representation of— (i) the character, amount, or legal status of any debt; or (ii) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt in violation of Section 1692e(2)(A) & (B);

(d)     using false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of Section 1692e(10);

(e)     using unfair or unconscionable means to collect or attempt to collect any debt in violation of Section 1692f;

(f)     attempting to collect  an amount  unless such amount is expressly authorized by the agreement creating the debt or permitted by law in violation of Section 1692f(1);

(g)     communicating directly with a consumer with respect to the debt after knowing he was represented by an attorney in violation of Section 1692c(a)(2);

(h)      failing to comply with FLSA's general guidelines and otherwise engaging in conduct described as abusive, deceptive, and unfair debt collection practices

in violation of 15 U.S.C. § 1692.

WHEREFORE Plaintiff demands judgment for damages against Defendants, individually, jointly and severally, for actual, compensatory and statutory (an additional $1,000) damages, equitable relief (including injunction/declaratory relief), costs of suit and attorney's fees pursuant 15 U.S.C. §1692k, and such other relief as the Court deems just and proper.

## COUNT II

### FLORIDA CONSUMER COLLECTION PRACTICES ACT VIOLATION

32.     Plaintiff reavers and realleges herein Paragraphs 1-26 of the Complaint.

33.     Defendants' intentional and wrongful conduct was in violation of Section 559.72 (9) and/or (18) --which prohibits a debt collector from communicating with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

WHEREFORE Plaintiff demands judgment for damages against Defendants, individually, jointly and severally,   for actual, compensatory, punitive and statutory (an additional $1,000) damages, equitable relief (including injunction), costs of suit and attorney's fees pursuant § 559.77, Fla. Stat., and such other relief as the Court deems just and proper.

Law Offices of Sina Negahbani
Counsel for Plaintiff
P.O. Box 566055
Miami, Florida 33256
Tel: 305-595-9078
Fax: 305-595-9079

By:     *Sina Negahbani*
        Sina Negahbani, Esq.
        F.B.N. 972673

7